# <u>EXHIBIT A</u>

Filing # 106039434 E-Filed 04/08/2020 05:24:50 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.       CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Claudia Plazas</u>
Plaintiff
               vs.
<u>Telemundo Network Group LLC</u>
Defendant

---

**II.      AMOUNT OF CLAIM**
     Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>250,000</u>

**III.     TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☐ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☒ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
  ☒ Monetary;
  ☒ Non-monetary declaratory or injunctive relief;
  ☒ Punitive

**V.   NUMBER OF CAUSES OF ACTION:**
  (Specify)

  <u>9</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☒ Yes
  ☐ No

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ No
  ☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Nathaly Saavedra</u>
           Attorney or party
FL Bar No.:   <u>118315</u>
           (Bar number, if attorney)
           <u>Nathaly Saavedra</u>
           (Type or print name)
  Date:   <u>04/08/2020</u>

Filing # 106039434 E-Filed 04/08/2020 05:24:50 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDIA PLAZAS ROCHA,
on behalf of herself and all others
similarly situated

       Plaintiff,

vs.                              Case No.

TELEMUNDO NETWORK GROUP LLC

       Defendant.

_____/

## COMPLAINT
### [OPT IN PURSUANT TO § 216(b)]

**COMES NOW** Plaintiff, CLAUDIA PLAZAS ROCHA ("Plaintiff"), on behalf of herself and

other similarly situated individuals, by and through the undersigned counsel, and hereby sues

Defendant, TELEMUNDO NETWORK GROUP LLC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Equal Pay

   Act of 1963, 29 U.S.C. § 206(d), *et seq.* to redress injuries resulting from Defendant's unlawful

   treatment of Plaintiff.

2. Plaintiff, individually, also has claims for discrimination violation under Title VII of the

   Civil Rights Act of 1964 as amended ("Title VII") and the Florida Civil Rights Act of 1992,

   Florida Statutes, Chapter 760, *et seq.* ("FCRA").

3. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

4. Plaintiff was an employee covered by Title VII and FCRA in that she was subjected to

   negative, disparate treatment by her employer based on her race, national origin, sex and/or in

   retaliation of her complaints of disparate treatment.

1

5. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (Fla. Stat. § 760.02(7)).

6. Plaintiff alleges causes of action for violations of Title VII and the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to, termination.

7. Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff received a Notice of Right to Sue and instituted suit timely.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §206 *et seq.*

10. Counts for EPA violations may be brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b), for all claims asserted by the EPA similarly situated plaintiffs who opt-in to this action because the claims of the Plaintiffs are similar to the claims of the EPA opt-in Class.

11. Plaintiffs and the EPA opt-in Class (a) are similarly situated in that (b) they were subjected to Defendant's common practice of gender based discrimination in failing to compensate female news digital producers on par with their male counterparts.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff is a Colombian female and falls within a protected class under Title VII and the FCRA.

14. This Court has jurisdiction over Plaintiff's claims pursuant to EPA, Title VII and the FCRA, to wit.

2

15. Defendant tolerated and cultivated a work environment that discriminated against female news digital producers, to wit, female digital producers were subjected to unlawful disparate treatment, in that they got paid at a lower rate and were not awarded same opportunities than their male counterparts for equal work.

16. Throughout Plaintiff's employment, Defendant paid male digital producers at a higher rate than the Plaintiff; the increased pay that Plaintiff's male counterparts received was not based on superior skills, effort, responsibility, or any other legitimate factor.

17. Plaintiff's was compensated at a lower pay rate than her equal male counterparts who performed the same and/or similar duties under substantially similar conditions.

18. At the beginning of her employment, Plaintiff worked at the direction of Martin Munoz Elena for approximately two months. Thereafter, Mr. Elena separated from employment with the Defendant.

19. Prior to the arrival of the new supervisor, Maria Luisa Tabares, Plaintiff was the victim of harassment from supervisor, Bruno Garcia (Spain) (hereinafter "Garcia").

20. Mr. Garcia made derogatory comments to Plaintiff in front of other co-workers embarrassing Plaintiff. For example, Mr. Garcia called Plaintiff a "fat eating chick" in front of others.

21. Upon the arrival of Tabares, Plaintiff was subjected to further discrimination and disparate treatment. Specifically, Tabares would micromanage Plaintiff and her work and question Plaintiff but she ignored any concerns regarding assignments not being completed by Plaintiff's male counterpart Luis Hernandez.

22. In September of 2019, Plaintiff met with Human Resources to complain about the disparate treatment and harassment she was being subjected to.

23. Shortly after Plaintiff's complaints, her supervisor Tabares began to retaliate against Plaintiff.

24. Plaintiff again complained to HR about the disparate treatment toward her. Luciana Nascimiento told Plaintiff that she was "making a soap opera" out of the situation.

25. Tabares scrutinized Plaintiff's work by telling her that a "red flag" had been raised about Plaintiff to her. However, Tabares never addressed any performance concerns with Plaintiff.

26. A few weeks after Plaintiff's complained to HR about the disparate, discriminatory and retaliatory treatment again, Plaintiff was terminated.

27. Plaintiff was not given any reason for her termination.

28. Upon information and belief, Luis Hernandez (male, Mexican) replaced Plaintiff.

29. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and/or retaliation.

30. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, national origin, sex and/or complaints of discrimination were  motivating factor(s) in the decision for the adverse employment actions.

## COUNT I
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. §206 et seq.*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff and other similarly-situated individuals to recover back pay damages for Defendant's violation, as well as an additional amount as liquidated damages equal to the amount of back pay awarded, costs, and reasonable attorney's fees under the provisions of the EPA.

33. Plaintiff belongs to a protected class; she is a female.

34. Plaintiff job function, were and are the of equal skill, effort, and responsibility as the job functions of Defendant's male digital producer and they were performed under the same or similar conditions.

35. Upon information and belief, during all relevant period, Plaintiff received wages lower that most if not all, of her male similarly situated co-workers while performing the same or substantially more work.

36. Defendant violated the EPA in not paying Plaintiff and other similarly situated females on par with their male counterparts; Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

    B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

    C. Award Plaintiff an equal amount in double damages/ liquidated damages; and

    D. Award Plaintiff the cost of this action, together with reasonable attorney's fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Sex Discrimination in Violation of the Title VII*

37. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

38. Plaintiff is a female individual and is a member of a protected class under Title VII.

39. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff

because of Plaintiff's sex/gender and subjected the Plaintiff to sex-based animosity.

40. Such discrimination was based upon the Plaintiff's sex/gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

41. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex/gender was unlawful but acted in reckless disregard of the law.

42. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

43. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

44. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

46. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Sex Discrimination in Violation of the FCRA*

48. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

49. Plaintiff is a female individual and is a member of a protected class under the FCRA.

50. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex/gender and subjected the Plaintiff to sex-based animosity.

51. Such discrimination was based upon the Plaintiff's sex/gender in that Plaintiff would not have

been the object of discrimination but for the fact that Plaintiff is a female.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of sex/gender was unlawful but acted in reckless disregard of the law.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under the law.

57. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
***Race Discrimination in Violation the FCRA***

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

60. Plaintiff is a member of a protected class under the FCRA.

61. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on her race.

62. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Latin.

63. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected

9

rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

64. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

65. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

66. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

67. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

68. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Discrimination Based on Race in in Violation of Title VII*

70. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-30 of this complaint as if set out in full herein.

71. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

72. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race.

11

73. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-latina employees were allowed better work opportunities by not being subjected to unfair treatment.

74. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

75. The Plaintiff was qualified for the position apart from her apparent race.

76. The Plaintiff was discriminated against by her supervisor because she was latina.

77. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

78. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

79. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

80. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was latina, in violation of the Act.

81. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

82. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

83. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race

B. Reinstate Plaintiff to the same position he held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to discrimination.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

### COUNT VI
#### *National Origin Discrimination in Violation the FCRA*

84. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

85. Plaintiff is a member of a protected class under the FCRA.

86. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on her

National Origin.

87. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Colombian.

88. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin  was unlawful but acted in reckless disregard of the law.

89. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

90. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

91. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

92. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

93. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

94. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### *Discrimination Based on National Origin in in Violation of Title VII*

95. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-30 of this complaint as if set out in full herein.

96. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

97. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's national origin .

98. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non- Colombian employees were allowed better work opportunities by not being subjected to unfair treatment.

99. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

100.    The Plaintiff was qualified for the position apart from her national origin.

101.    The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

102.    The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

103.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her color in violation of Act with respect to its decision to treat Plaintiff different from other employees.

104.    Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Colombian, in violation of the Act.

105.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

106.   Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

107.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their color. The discrimination on the basis of color constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A.   Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color.

B.   Reinstate Plaintiff to the same position he held before the discriminatory personnel action, or to an equivalent position.

C.   Reinstate full fringe benefits and seniority rights to Plaintiff.

D.   Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to discrimination.

E.   For a money judgment representing prejudgment interest.

F.   Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VIII
### *Retaliation in Violation of the FCRA*

108.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

109.  Plaintiff is a member of a protected class under the FCRA.

110.  By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

111.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex, national origin and/or disability was unlawful but acted in reckless disregard of the  law.

112.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

113.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

114.  The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this

Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to place  Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IX**
***Retaliation in Violation of Title VII***

115.    Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

116.    Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

117.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

118.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

119.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

19

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

120. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

121. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

122. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against

by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 8, 2020

                                        Respectfully submitted,

                                        /s/Nathaly Saavedra___
                                        Peter M. Hoogerwoerd, Esq.
                                        Florida Bar No.: 188239
                                        pmh@rgpattorneys.com
                                        Nathaly Saavedra, Esq.
                                        Florida Bar No.: 118315
                                        ns@rgpattorneys.com
                                        Daniel J. Bujan, Esq.
                                        Fla. Bar No. 1017943
                                        dbujan@rgpattorneys.com
                                        **REMER & GEORGES-PIERRE, PLLC**
                                        44 West Flagler Street, Suite 2200
                                        Miami, FL 33130
                                        Telephone: (305) 416-5000
                                        Facsimile: (305) 416-5005

21

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. 2020-008086-CA-01

CLAUDIA PLAZAS ROCHA,
on behalf of herself and all others
similarly situated,

       Plaintiff,

vs.

TELEMUNDO NETWORK GROUP, LLC

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** TELEMUNDO NETWORK GROUP, LLC through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER MICHAEL HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

5/8/2020

_____

CLERK                                DATE

_____

(BY) DEPUTY CLERK

Filing # 110065432 E-Filed 07/10/2020 12:21:32 PM

IN THE CIRCUIT COURT, 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-008086-CA-01

CLAUDIA PLAZAS ROCHA,
on behalf of herself and all others
similarly situated

       Plaintiff,

vs.

TELEMUNDO NETWORK GROUP LLC,

       Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR 10-DAY EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

      Pursuant to Florida Rule of Civil Procedure 1.090, Defendant Telemundo Network Group

LLC moves for a ten (10) day extension of time to serve its response to the Complaint filed by

Plaintiff Claudia Plazas Rocha. In support thereof, Defendant states as follows:

**I.     MOTION FOR EXTENSION OF TIME**

      Plaintiff Claudia Plazas Rocha filed her Complaint in the above-styled lawsuit on or

about April 8, 2020, alleging sex, race, and national origin discrimination and retaliation in

violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act.  The Complaint

also alleged violation of the Equal Pay Act, 29 U.S.C. §§ 206 *et seq*.

      Defendant was served with initial process on June 22, 2020.

      Defendant's responsive pleading to Plaintiff's Complaint is currently due on July 13,

2020.

Defense counsel was only recently assigned to represent Defendant in this matter.  As a result, Defense counsel needs additional time in which to collect and review the information necessary to respond to the Complaint.

Defense counsel and Plaintiff's counsel have conferred and have agreed to an extension of ten (10) days for Defendant to serve its response to Plaintiff's Complaint.  With said extension, Defendant's response will be due on July 23, 2020.

The undersigned counsel states that this extension of time is not made necessary due to neglect, nor is it for the purpose of delay.  The undersigned further states that no party will be prejudiced by the Court granting this extension of time.

## II.    CERTIFICATE OF CONFERENCE

As stated above, undersigned counsel has conferred with counsel for Plaintiff, Peter M. Hoogerwoerd, Esquire, and Mr. Hoogerwoerd agreed to the requested extension.

## III.    RELIEF REQUESTED

Based on the foregoing, Defendant moves the Court for an extension of ten (10) days in which to serve a responsive pleading in this case, making the deadline in which to respond to Plaintiff's Complaint July 23, 2020.  A proposed Order is attached for the Court's convenience.

Dated: July 10, 2020.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 South Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*s/* Gregory R. Hawran
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

*Counsel for Defendant, Telemundo Network
Group LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 10, 2020, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified.

*s/* Gregory R. Hawran      
Gregory R. Hawran

## SERVICE LIST

*Claudia Plazas Rocha v. Telemundo Network Group LLC*
*11th Judicial Circuit in and for Miami-Dade County, Florida*
*CASE NO.: 2020-008086-CA-01*

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
ns@rgpattorneys.com
Daniel J. Bujan, Esq.
dbujan@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: 305.416.5000
Facsimile: 305.416.5005

*Counsel for Plaintiff, Claudia Plazas Rocha*

Method of Service: Florida E-Filing Portal

Christopher P. Hammon
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 South Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant, Telemundo Network Group LLC*

43451240.1

5

Filing # 110097858 E-Filed 07/10/2020 05:58:25 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-008086-CA-01
SECTION: CA23
JUDGE: Barbara Areces

**Claudia Plazas**

Plaintiff(s)

vs.

**Telemundo Network Group LLC**

Defendant(s)

_____/

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR 10-DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon Defendant's Unopposed Motion for 10-Day Extension of Time to Respond to Plaintiff's Complaint ("Unopposed Motion for Extension of Time"),  upon due consideration, it is hereby

ORDERED AND ADJUDGED that Defendant's Unopposed Motion for Extension of Time is **GRANTED**.  Defendant shall have until **July 23, 2020** to serve its response to the Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 10th day of July, 2020.

2020-008086-CA-01 07-10-2020 5:45 PM

2020-008086-CA-01 07-10-2020 5:45 PM
Hon. Barbara Areces

**CIRCUIT COURT JUDGE**
Electronically Signed

> No Further Judicial Action Required on **THIS MOTION**
>
> CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Daniel J Bujan, dbujan@rgpattorneys.com

Daniel J Bujan, pmh@rgpattorneys.com

Daniel J Bujan, pmhassistant@rgpattorneys.com

Gregory R. Hawran, greg.hawran@ogletreedeakins.com

Gregory R. Hawran, robert.borroto@ogletreedeakins.com

Gregory R. Hawran, kelly.reyes@ogletreedeakins.com

Millie Penichet, mpenichet@jud11.flcourts.org

Nathaly Saavedra, nathaly@peregonza.com

Nathaly Saavedra, office@peregonza.com

Peter M Hoogerwoerd, pmh@rgpattorneys.com

Peter M Hoogerwoerd, pmhassistant@rgpattorneys.com

Peter M Hoogerwoerd, ns@rgpattorneys.com

Peter M. Hoogerwoerd, Esq., pmh@rgpattorneys.com

Robert Borroto, robert.borroto@ogletree.com

**Physically Served:**